UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN DINCKAN,<br><br>                    Plaintiff,<br><br>v.<br><br>STEPHANIE MENDEZ, et al.,<br><br>                    Defendants. | Case No.: 25-cv-2160-RSH-DDL<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IFP; AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>[ECF No. 2] |

On August 21, 2025, plaintiff Ken Dinckan, proceeding *pro se*, commenced this action and filed a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("Compl."); 2. For the reasons below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without leave to amend.

**I.     MOTION TO PROCEED IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not

just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, Plaintiff reports he receives $1,400 per month in social security benefits and has monthly expenses totaling $2,860. ECF No. 2 at 3. In addition, Plaintiff claims he is permanently disabled, unable to work, and possesses no savings or assets other than a vehicle. *Id.* at 2. The Court concludes Plaintiff has adequately demonstrated that he is unable to pay the filing fee at this time for this action.

## II.     MANDATORY SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A.     Standard of Review

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, *inter alia*, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). That is, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.*

### B. Plaintiff's Allegations

The instant case arises out of family court proceedings in the Superior Court of California, County of San Diego. Plaintiff alleges the family court disregarded reports and testimony, accepted false statements, and consequently ordered Plaintiff to make child support payments amounting to half of Plaintiff's income. ECF No. 1 at 1. Plaintiff allegedly sought to set aside this judgment, but his motion was denied by the supervising state court judge. *Id.* Plaintiff also separately alleges he was arrested in August 30, 2022 based on "fabricated" claims and that the arrest continues to be "used against [him]." *Id.* Plaintiff asserts claims against defendants Stephanie Mendez, David Pomeranz, Soner Gizer, and the Honorable Brad Weinreb for violation of his federal constitutional rights to due process, equal protection, free speech, and to be free from unlawful search and seizure. *Id.* at 2.

### C. Analysis

#### 1. Mendez, Pomeranz, Gizer

The Court first addresses Plaintiff's claims against defendants Mendez, Pomeranz, and Gizer.

Absent state action, private individuals are not subject to suit for constitutional violations. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals do, indeed, have a right to be free from state violations of the constitutional guarantees to be secure in one's person and home, not to be deprived of life, liberty, or property without due process, and to be free from cruel and unusual punishment. Individuals, however, have no right to be free from the infliction of such harm by private actors."); *see also United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (noting the right to be free from unreasonable search or seizure is "wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.") (internal quotation marks omitted); *United States v. Harris*, 106 U.S. 629, 643 (1882) ("A private person cannot make constitutions or laws, nor can he with authority construe them,

nor can he administer or execute them."); *Apao v. Bank of N.Y.*, 324 F.3d 1091, 1093 (9th Cir. 2003) (noting the Fourteenth Amendment's due process clause "shields citizens from unlawful governmental actions, but does not affect conduct by private entities."); *Sliwinski v. Rhodes*, No. CV 25-51-H-DWM, 2025 WL 2402020, at *3 (D. Mont. Aug. 19, 2025) ("A private person cannot violate the First Amendment rights of another individual, because the Amendment is directed at the government[.]").

Similarly, "[t]he Civil Rights Act codified in 42 U.S.C. § 1983 provides a cause of action against *state officials* who deprive a plaintiff of her federal constitutional rights." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023) (emphasis added). "To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (internal quotation marks omitted).

Here, defendants Mendez, Pomeranz, and Gizer are alleged to be attorneys in Plaintiff's underlying family court proceedings. ECF No. 1 at 1. As private attorneys not alleged to have been acting under the color of state law, defendants Mendez, Pomeranz, and Gizer are not subject to suit for the alleged deprivation of Plaintiff's constitutional rights (whether under § 1983 or any other legal theory). *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding a plaintiff could not sue a lawyer under § 1983 "because he is a lawyer in private practice who was not acting under color of state law"); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law."); *Rushdan v. Hale*, No. C02-1325TEH(PR), 2002 WL 981863, at *1 (N.D. Cal. May 7, 2002) ("Private attorneys do not act under color of state law when engaged in the private practice of law.").

For these reasons, Plaintiff's claims against defendants Mendez, Pomeranz, and Gizer are not viable as a matter of law.

///

///

### 2.     *Weinreb*

The Court turns next to Plaintiff's claims against Judge Weinreb. According to the Complaint, Judge Weinreb was the supervising state court judge in Plaintiff's underlying family court proceedings. ECF No. 1 at 1.

Under the doctrine of judicial immunity, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges . . . functioning in their official capacities."). "To determine whether an act is judicial, [the Court] consider[s] these factors: whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (internal quotation marks omitted).

Here, Plaintiff's claim against Judge Weinreb, arising from Judge Weinreb's decision not to set aside Plaintiff's child support judgment, is clearly barred by judicial immunity. *See Mindiola v. Arizona*, No. 24-1842, 2025 WL 1983952, at *1 (9th Cir. July 17, 2025) (district court properly dismissed with prejudice plaintiff's claims against state court judge arising from her decisions "regarding discovery, custody, spousal support, and child support as barred by judicial immunity."); *see e.g.*, *Cephus v. Jud. Council of California*, No. 2:24-CV-10959-VBF (SK), 2025 WL 2414888, at *1 (C.D. Cal. June 16, 2025), *report and recommendation adopted*, No. 2:24-CV-10959-VBF (SK), 2025 WL 2410519 (C.D. Cal. Aug. 18, 2025) ("Presiding over child custody proceedings is nothing if not judicial action to which absolute judicial immunity attaches."); *Bey v. Los Angeles Cnty.*, No. 221CV07878CASKES, 2021 WL 6775903, at *1 (C.D. Cal. Oct. 8, 2021) ("To the extent [plaintiff] is suing [the Superior Court Judge[over her child support or custody rulings, she has absolute judicial immunity for such acts.") (internal citation omitted).

///

For these reasons, Plaintiff's claims against Judge Weinreb are also not viable as a matter of law.

### 3. Subject Matter Jurisdiction

The Court is also not persuaded it possesses subject matter jurisdiction over this case. Although Plaintiff purports to assert federal constitutional claims, fundamentally, this case arises from Plaintiff's disagreement with the state court's child support judgment. *See* ECF No. 1 at 2 (requesting injunctive relief preventing the enforcement of the state court's child support order).

Under the *Rooker-Feldman* doctrine:

> If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the district court is in essence being called upon to review the state-court decision. This the district court may not do.

*D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgment.").

Under *Rooker-Feldman*, the Court does not have jurisdiction to review the state court's decision on Plaintiff's child support payments. *See Peterson v. Sacramento Dep't of Child Support Servs.*, No. 2:24-CV-2759-DAD-JDP (PS), 2025 WL 2143070, at *2 (E.D. Cal. July 29, 2025) ("This court does not have jurisdiction to review the state court decision on child support payments."); *Davis v. Booth*, No. 19-CV-01538-AJB-MSB, 2019 WL 5295060, at *2 (S.D. Cal. Oct. 18, 2019) ("[U]nder the *Rooker-Feldman* doctrine, federal district courts are barred from reviewing state court decisions regarding proceedings in family court."); *Nemcik v. Mills*, No. 16-CV-00322-BLF, 2016 WL 4364917, at *6 (N.D. Cal. Aug. 16, 2016) ("The law does not allow a federal court to review the child support orders created by a state court.").

///

### 4.     *Leave to Amend*

Under Ninth Circuit precedent, "[a] district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Here, however, Plaintiff cannot cure the legal flaws in his Complaint by pleading additional facts. "Because any amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002).

### D.     Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's IFP application, but **DISMISSES** Plaintiff's Complaint without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 25, 2025

_____
Hon. Robert S. Huie
United States District Judge